### JOHN WALDRON CORPORATION v. EQUITABLE PAPER BAG CO., Inc.

### No. 7013.

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1939.

BUFFINGTON, Circuit Judge, dissenting.

———◆———

Theodore S. Kenyon, of New York City, for appellant.

George M. Dowe, of New York City, for appellee.

Before MARIS, BIDDLE, and BUF-FINGTON, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant from a decree of the district court holding claims 2, 3 and 4 of the plaintiff's Poppe Reissue Patent No. 19,921 valid and infringed. The claims in suit relate to a method or process of making paper bags. Claim 3, conceded to be typical, is as follows:

"3. The method of making envelope bags, which comprises making cuts in a web of paper at substantially bag length intervals along the length thereof, said cuts separated transversely a distance corresponding to the width of the closing flap in the finished bag, folding said web to form a bag tube having front and rear walls and subsequently completely severing both walls of the bag tube along lines which connect the respective ends of the cuts."

The defendant was charged with contributory infringement by the sale of the so-called Holweg bag making machines. It was contended by the plaintiff that these machines in their usual and intended method of operation infringe the method of the Poppe patent. The defendant on the contrary contended that the method employed by the Holweg machine was quite different from the plaintiff's process and consequently did not infringe it. It is clear that the paper bags produced by the two methods are substantially alike and as products are old in the art. The district court found as a fact that the method practiced on defendant's machine was substantially the same as the method set forth in the claims in suit of the Poppe patent. We think that this finding is not supported by the evidence and that the district court's resulting conclusion of law that the claims in suit were infringed by the defendant cannot, therefore, be sustained.

The process of the Poppe patent, as will be seen from the claim we have quoted, consists of three essential steps which may be described as (1) cutting slits in a continuous paper web at bag length intervals to form the sides of the future bag flaps, (2) folding the web to form a tube, and (3) subsequently chopping off the bag sections from the tube along lines which connect both ends of the previously cut slits. It may briefly be described as a slit-fold-chop process.

The evidence discloses that the defendant's Holweg machines also carry out a three step process. These may be described as (1) perforating entirely across a continuous paper web in a line having two oblique offsets which later form the sides of the bag flaps, (2) folding the web to form a tube, and (3) tearing the bag sections from the tube along the line of perforation previously made. It is seen to be a perforate-fold-tear process. We are of the opinion that it is a method substantially different from that disclosed in the Poppe patent since it does not employ two essential steps of that patent, namely the cutting of slits to form the sides of the bag flaps, and the later chopping off of the bag sections. Consequently the claims in suit are not infringed even though the resulting product is identical. As Mr. Justice Day said in Cimiotti Unhairing Co. v. American Fur Ref. Co., 198 U.S. 399, 414, 25 S.Ct. 697, 702, 49 L.Ed. 1100: "If the device of the respondents shows a substantially different mode of operation, even though the result of the operation of the machine remains the same, infringement is avoided." It need only be added that if the claims in suit were capable of being construed to read on a perforate-fold-tear process they would be invalid as anticipated by the Graham patent No. 1,032,366 which clearly discloses that particular method for making paper bags with flaps.

The district court was evidently impressed by the fact that both methods produced bags having flaps whose sides were cut (or perforated and torn) at the same angle to the line of the bag sides. In its opinion it said (25 F.Supp. 966, 967):

"The Court and the defendant have a different conception of the improvement here in litigation. We see it as the establishment of a definite *angle* of incidence for the flap forming lines of severance in a phase of the paper bag making art. He seems to find it in the particular *method* of severance. Defendant concedes and in fact boasts that his flap forming lines have the same longitudinal components (God save

the mark and the patent solicitor) as those of the plaintiff. On the other hand, he severs by means of perforating and tearing rather than slitting and cutting, using feeding and clamping rollers with different speeds (Hollweg machine) instead of slack producing pinch bars, strikers and knives.

"If we agreed with his emphasis we should agree with his conclusion. Perforating and tearing are not exactly the same as slitting and cutting. If the inventive significance lies in the particular type of flap forming lines, the particular method for the separation of the paper along those lines is unimportant. Being unimportant, the slight change in the case at bar does not avoid infringement."

It will be seen that the court conceded that the methods are different. It placed the emphasis on the "definite *angle* of incidence for the flap forming lines of severance." But the specification of the patent states that "it is to be understood that the invention is not limited to any precise angle of slits" and again that "It is to be understood that the angle at which the knives are positioned may be varied to produce any angle desired for the end edges of the closing lip."

Our conclusion that the defendant is not guilty of infringing the claims in suit of the Poppe patent makes it unnecessary for us to consider the validity of those claims when restricted to the slit-fold-chop process which they describe.

The decree of the district court is reversed and the case is remanded with directions to dismiss the bill of complaint.

BUFFINGTON, Circuit Judge, dissents.